Lessee of PETER EVERLEY *against* CHRISTIAN STONER.

An assignment of an application for lands, sent to the deputy surveyor, and possession accompanying it, though only 28 years and 5 months old, read in evidence without giving an account of the subscribing witness thereto, another person being present at the execution thereof.

EJECTION for 30 acres of land in Derry township.

The defendant and those under whom he claimed, had been in possession of these lands above forty years. One part of his title was to be deduced under an application, filed in the land office on the 8th February 1768, by Ludwig Bretz, who executed an assignment thereof to John Grayfield. One James Hughes was the subscribing witness, but no pains had been taken to ascertain whether he was living or dead. The assignment bore date on the 12th May 1768.

Grayfield was offered as a witness, (having a release,) to prove that he was present at the execution of the instrument, which was objected to.

It is a technical rule that a deed shall be proved by the subscribing witnesses. Doug. 89, 205. In England, the party who has executed it, is not permitted to acknowledge it. Espin. Ni. Pri. Ca. 89. The present deed is not within the exception of being forty, or even thirty years old, and therefore cannot be admitted in evidence, though possession has gone with it. Gilb. Law Evid. 102, 96. Bull, 255.

*Per cur.* It is said in some books, (3 Salk. 154, 1 Keb. 877,) that an ancient deed shall be given in evidence without any proof ; and in one case, (12 Vin. Ab. 57, pl. 9, MSS.) that there is no fixed rule about it, but that it had been often allowed, where the deed was but 25 or 30 years old. This is the transfer of a mere equitable interest, made on the application sent to the deputy surveyor, and bears date 28 years, 5 months ago. Let it be read, if Grayfield makes the proof stated.

Plaintiff nonsuit.

Messrs. Hopkins and Patterson, *pro quer.*

Messrs. Montgomery and Fisher, *pro def.*